**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4712**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICKY CARLOS GRANT,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:16-cr-00145-RJC-1)

Submitted: January 31, 2019                    Decided: February 20, 2019

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Samuel B. Winthrop, WINTHROP & WINTHROP, Statesville, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Carlos Grant appeals his jury convictions and 300-month sentence for conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012); possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012).[1] Grant first argues that the district court erred in denying his motion to suppress evidence because his admissions to police were given absent *Miranda*[2] warnings and under circumstances that were calculated to undermine his free will. Second, Grant asserts that the district court erred in admitting impermissible expert testimony. Third, Grant contends that the evidence was insufficient to support his conspiracy conviction. Finally, Grant argues that the district court erred in designating him a career offender. We affirm.

As to Grant's first contention, "[i]n reviewing a district court's ruling on a motion to suppress, this [c]ourt reviews conclusions of law de novo and underlying factual findings for clear error." *United States v. Clarke*, 842 F.3d 288, 293 (4th Cir. 2016) (brackets and internal quotation marks omitted). "Because the district court denied [Grant's] motion to suppress, we construe the evidence in the light most favorable to the government." *Id.* (internal quotation marks omitted).

---

[1] Grant also pled guilty to two counts of distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), but he does not challenge those convictions on appeal.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

"A confession made during a custodial interrogation will be suppressed unless police advise the defendant of his rights under *Miranda* . . . and the defendant knowingly, intelligently, and voluntar[il]y waives those rights." *United States v. Giddins*, 858 F.3d 870, 879 (4th Cir. 2017) (internal quotation marks omitted). "For a waiver to be knowing and intelligent, it 'must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.'" *United States v. Dire*, 680 F.3d 446, 474 (4th Cir. 2012) (quoting *Moran v. Burbine,* 475 U.S. 412, 421 (1986)). "[T]he determination of whether a waiver was knowing and intelligent requires an examination of the totality of the circumstances surrounding the interrogation, including the suspect's intelligence and education, age and familiarity with the criminal justice system, and the proximity of the waiver to the giving of the *Miranda* warnings." *Id.* (internal quotation marks omitted).

We conclude that the district court did not clearly err in determining that the police provided *Miranda* warnings prior to interviewing Grant, as established by the uncontested testimony presented during the suppression hearing. Moreover, the totality of the circumstances demonstrates that Grant knowingly and voluntarily waived his *Miranda* rights. The district court therefore did not err in denying Grant's motion to suppress.

Grant next contends that the district court erred in permitting City of Gastonia Police Department Officer Clint Bridges to offer expert testimony without foundation or being qualified as an expert. "We review the district court's decision to admit expert testimony for abuse of discretion." *United States v. Landersman*, 886 F.3d 393, 411 (4th

Cir. 2018). While Grant's argument that Bridges' testimony was expert in nature is well taken, we find no reversible error for two reasons. First, the Government elicited Bridges' expert testimony during redirect examination only after Grant first opened the door to its admission by implying that Grant was not discussing heroin during a recorded telephone conversation. *See United States v. McLaurin*, 764 F.3d 372, 383 (4th Cir. 2014) (finding no abuse of discretion where defendant opened door to admission of evidence). Second, we conclude that any error is harmless given the strong evidence presented at trial of Grant's guilt, which included: Grant's admissions to police that he purchased and resold significant amounts of heroin over a lengthy period of time; testimony from a confidential informant ("CI") that she regularly purchased dealer-level quantities of heroin from Grant; and the seizure from Grant's apartment of a large quantity of heroin along with packaging supplies and firearms. *See United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018) (setting forth standard for harmless error). We therefore conclude that admission of Bridges' testimony did not constitute reversible error.

Third, Grant argues that the district court erred in denying his motion for judgment of acquittal as to his conspiracy conviction because there was insufficient evidence of an agreement between him and another to distribute heroin. "We review the denial of a motion for judgment of acquittal de novo" and "will uphold the verdict if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence, which is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."

4

*United States v. Savage*, 885 F.3d 212, 219 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 238 (2018). "[W]e are not entitled to assess witness credibility, and we assume that the jury resolved any conflicting evidence in the prosecution's favor." *Id.* (internal quotation marks omitted). Finally, we "allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *Id.* at 219-20 (internal quotation marks omitted).

"To prove conspiracy, the government must demonstrate beyond a reasonable doubt (1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy." *United States v. Gomez-Jimenez*, 750 F.3d 370, 378 (4th Cir. 2014). "Such an agreement need not be formal and may instead be a tacit or mutual understanding between the defendant and his accomplice." *Id.* (internal quotation marks omitted). "Circumstantial evidence alone is sufficient to support a conviction for conspiracy." *Id.* (internal quotation marks omitted).

Trial testimony established that Grant admitted to police that he purchased half a kilogram of heroin from his supplier every 7 to 10 days, cut the heroin, and resold it to others throughout North Carolina. The CI testified that she bought distribution quantities of heroin—between 3 and 14 grams—from Grant beginning in July 2015 and continuing until April 2016.[3] Furthermore, when police searched Grant's apartment they discovered

---

[3] The CI's statements regarding controlled purchases conducted on behalf of the Government cannot be used to establish an agreement between Grant and the CI. *United States v. Edmonds*, 679 F.3d 169, 175 (4th Cir.), *vacated and remanded on other*
(Continued)

distribution quantities of heroin, firearms, and supplies associated with heroin trafficking. Viewed in the light most favorable to the Government, this evidence is sufficient to establish the requisite agreement in support of a conspiracy conviction, and the district court therefore did not err in denying Grant's motion for judgment of acquittal. *See United States v. Howard*, 773 F.3d 519, 526 (4th Cir. 2014) ("Evidence of continuing relationships and repeated transactions can support the finding that there was a conspiracy, especially when coupled with substantial quantities of drugs." (alteration and internal quotation marks omitted)).

Finally, Grant argues that the district court erred in concluding that he is a career offender. Specifically, Grant contends that the district court should not have counted his 2005 North Carolina conviction for possession with intent to sell or deliver cocaine ("2005 Conviction") because that conviction resulted in fewer than 13 months' imprisonment, and there is insufficient evidence demonstrating that the conspiracy began within 10 years of the 2005 Conviction.

"In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, we review the district court's legal conclusions *de novo* and its factual findings for clear error." *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018) (alterations and internal quotation marks omitted). Any conviction that resulted in a sentence of imprisonment of less than 13

_____

*grounds*, 568 U.S. 803 (2012). Nevertheless, purchases that occurred prior to the CI's cooperation with police may be used to establish the existence of a conspiracy.

months may only be counted if that sentence was imposed within 10 years of the commencement of defendant's offense of conviction. U.S. Sentencing Guidelines Manual § 4A1.2(e)(2) (2016); *see* USSG § 4B1.2 cmt. n.3 (applying § 4A1.2 definitions to career offender provision). The CI's unrebutted testimony established that she began purchasing distribution quantities of heroin from Grant within 10 years of the 2005 Conviction; the district court found the CI's testimony credible. Because Grant proffers no evidence contradicting that testimony, we conclude that the district court did not clearly err in relying on the CI's testimony, considering the 2005 Conviction a predicate offense, and applying the career offender enhancement.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*